UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| PARTINGTON BUILDERS, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>NAUTILUS  INSURANCE COMPANY,<br><br>            Defendant. | ) ) ) ) ) ) ) ) ) | CASE 1:22-CV-10040-DLC |

**ANSWER AND COUNTER-CLAIM OF
DEFENDANT NAUTLUS INSURANCE COMPANY**

Now comes Defendant Nautilus Insurance Company (hereinafter "Nautilus") by and through its attorneys Morrison Mahoney, LLP and responds to Plaintiff's Complaint, paragraph by paragraph, as follows:

**INTRODUCTION**

This section of Plaintiff's Complaint sets forth its theory of legal liability against Defendant and requires no response.   Insofar as a response is required, these contentions are denied.

**PARTIES**

1.      Paragraph  1  of  Plaintiff's  Complaint  is  ungrammatical  and incomprehensible.  Defendant admits that Partington Builders is a Massachusetts Limited Liability Company.  Otherwise, Defendant is without sufficient information to admit or deny the allegations set forth herein and therefore puts the plaintiff to its proofs.

2.      Denied.  Nautilus is a Delaware corporation with its principal place of business at 7233 East Butherus Drive in Scottsdale, Arizona.

3.      Admitted.

4.      The Nautilus Policy, which is Exhibit A to Plaintiff's Complaint, is a writing that speaks for itself.  Defendant denies the allegations in Paragraph 4 insofar as they vary or paraphrase the terms of its policy.

5.    Denied.

6.    The Blowers Complaint, which is Exhibit B to Plaintiff's Complaint, is a document that speaks for itself.  Defendant denies the allegations in Paragraph 6 insofar as they vary or paraphrase the terms of this document.

7.    Defendant admits that its first notice of the Blowers suit was on June 18, 2021 and that its claim representative spoke by telephone with Mr. Partington on June 24, 2021, at which time Mr. Partington claimed that his operations on the Blowers' property were authorized by Mr. Blowers.

8.    Defendant cannot respond to these assertions as Exhibit D does not open in the electronic document that was served upon it.  Defendant reserves its right to dispute these assertions upon receipt of a legible version of Exhibit D.

9.    Admitted.

10.    The July 1, 2021 Nautilus denial letter, which is Exhibit E to Plaintiff's Complaint, is a document that speaks for itself.  Defendant denies the allegations in Paragraph 10 insofar as they vary or paraphrase the terms of this document.

11.    Paragraph 11 sets forth a legal argument disputing the July 1 denial of coverage that requires no response.  Insofar as a response is required, these contentions are denied.

12.    Paragraph 12 sets forth a legal argument disputing the July 1 denial of coverage that requires no response.  Insofar as a response is required, these contentions are denied.

13.     Paragraph 13 sets forth a legal argument disputing the July 1 denial of coverage that requires no response.  Insofar as a response is required, these contentions are denied.

14.     The source of Paragraph 14 is not cited and Defendant is without basis for admitting or denying it veracity, much less its relevance.

15.     Denied.

## CLAIMS

### Count I—Declaratory Judgment

16.     Defendant repeats and realleges its responses to Paragraphs 1 through 15 of Plaintiff's Complaint as if fully restated and realleged herein.

17.     Admitted.

18.     Denied.

### Count II—Violation  of G.L. c.93A

20.     Defendant repeats and realleges its responses to Paragraphs 1 through 18 of the plaintiff's complaint as if fully restated and realleged herein.

21.     Admitted.

22.     Admitted.

23.     Denied.

24.     Denied.

25.     Denied.

**AND FURTHER ANSWERING**, Defendant Nautilus Insurance Company sets forth the following Affirmative Defenses to Plaintiff's claims:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and each and every count therein fail to set forth a justiciable controversy for which recovery may be had against Defendant Nautilus.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has no right of recovery against Defendant Nautilus by reason of the fact that the claims against it are not covered under the Nautilus Policy.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has no right of recovery against Defendant Nautilus as the claims against it do not seek damages on account of any accident or "occurrence" covered by the Nautilus Policy.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has no right of recover against Nautilus as the claims against it are not covered by the Nautilus Policy inasmuch as they allege that plaintiff acted without authorization and/or with an intent to injure or its intentional acts were of an inherently injurious nature.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has no right of recovery against Defendant Nautilus insofar as the claims against it are excluded the Nautilus Policy as involving injuries that were expected or intended from the standpoint of the insured.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no right of recovery against Defendant Nautilus for any exemplary damages that may be awarded against it for the intentional cutting of trees on the Blowers property as said damages are excluded from coverage under the Nautilus Policy.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have no right of recovery against Defendant Nautilus insofar as the claims against it are otherwise subject to one or more exclusions in the subject Nautilus Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has no right of action against Nautilus for bad faith or unfair claims practices as Nautilus has acted reasonably and in accordance with Massachusetts law and the terms of its Policy at all times.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has no right to recover doubled or trebled damages pursuant to G.L. c.93A as it has failed to allege facts sufficient to support a finding that any unfair practices or acts on the part of Nautilus were knowing and willful.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to obtain a declaration of coverage from Nautilus as there has been no adjudication of liability against its insured in the Blowers s for which coverage applies.

## ELEVENTH AFFIRMATIVE DEFENSE

This court lacks jurisdiction with respect to Plaintiff's claim for declaratory relief as there is no present justiciable controversy and said claims are premature since there has been no adjudication of liability against its insured in the Blowers litigation for which coverage applies.

## TWELFTH AFFIRMATIVE DEFENSE

Nautilus reserves the right to assert such other affirmative defenses as may become apparent from facts that are presently unknown to it but which may emerge in the course of this litigation.

## NAUTILUS' COUNTER-CLAIM AGAINST PARTINGTON BUILDERS, LLC

Nautilus Insurance Company sets forth the following counter-claim against Partington Builders, LLC.

1.      Nautilus Insurance Company is a Delaware corporation headquartered in Scottsdale, Arizona that is authorized to sell property and casualty insurance Policies in the Commonwealth of Massachusetts.

2.      Partington Builders is a Massachusetts Limited Liability Company domiciled in Sterling, Massachusetts.

## JURISDICTION

3.      This court has jurisdiction over this dispute as the property and injuries at issue all occurred in this District and as the insurance policy in question was issued to Partington Builders in Massachusetts.

## STATEMENT OF THE CLAIM

### --The Claims Against Partington Builders

4.      This controversy arises out of a triangular parcel of land owned by Douglas and Simone Blowers that fronts on an adjoining lot that Partington Builders purchased for development in February 2021.

5.      As alleged in the Blowers Complaint, this triangular parcel is wooded and creates a natural berm screening the Bowers home from the property that Partington Builders propose to build upon.

6.      During 2021, the principal of Partington Builders, Wayne Partington, proposed to Douglas Blowers that Partington Builders be permitted to "clean up" the

triangular parcel and be granted an easement for landscaping purposes (Blowers Complaint, Paragraph 12).

7.      As alleged at Paragraph 14 of the Blowers Complaint, Douglas Blowers sent an e-mail to Wayne Partington in response, asking for more information about the proposal:

**Hi Wayne**

**I would like to see plans on how everything will look when it is completed and some form of guarantee of quality of work and final results will meet my expectations. At this time I am ok with the details about the scope of work, but I need assurance of quality and final results will meet both parties standards and not negatively impact my property or property value.**

8.      Due to the failure of Partington Builders to supply any plans in response to this request (Complaint, Paragraph 15) or to otherwise provide information with respect to how the proposed work might affect Bowers' property (Complaint, Paragraph 16), Blowers state in their Complaint (Paragraph 17) that they "never authorized" Partington Builders to go forward with any work on the triangular parcel beyond removal tree roots "in a limited location."

9.      Specifically, the Blowers allege:

18. Defendant, without permission or authorization, went on to the land of the Plaintiffs, including, but not limited to, the triangle area that is the Plaintiffs' property but is located adjacent to the front yard of the proposed new home on the Defendant's lot. Defendant removed trees, bushes, arborvitae, plants, and significant amounts of earth…

19. The destruction caused by the Defendant resulted in the eradication and removal of the natural berm between the property of the Plaintiffs and the Defendant.

10.     On April 19, 2021, Douglas Blowers sent a Cease and Desist demand to

Wayne Partington (Exhibit E to Blowers Complaint):

> Dear Wayne,
>
> We would like to ask you to cease and desist immediately
> and stop making any further changes to our property located
> on 48 Mary Catherine Ln, Sudbury, MA 01776. We noticed
> work has been done on the hill located on the left-hand side
> of my property - when looking at my house from the
> street. We did not give you written permission to remove
> trees and to level that portion of my property without written
> permission from us. Nonetheless, trees were removed from
> my property and the hill was leveled by construction
> machinery. We had a conversation where you shared that
> the new building would be parallel to our house, but it looks
> like the building will be positioned sideways and facing our
> land resulting on the front yard of your new building being on
> a section of our property. We also noticed that the
> construction site has been marked with a plastic retaining
> wall and that wall is currently on our property, roughly 5 to 10
> feet off from the property line.

11.     On May 27, 2011, counsel for Douglas and Simone Blowers issued a formal

demand for damages pursuant to G.L. c.242, § 7 in which they complained of "the damage

Partington Builders intentionally and illegally caused to the Blowers" (Exhibit 11 to

Blowers Complaint).

12.     In their lawsuit, Douglas and Simone Blowers seek recovery from Partington

Builders for (Count I) claimed violations of the Massachusetts tree cutting statute (G.L.

c.242, § 7; (Count II) trespass and (Count III) nuisance.

13.     In Count I, Blowers allege (Paragraph 33) that Partington Builders removed

trees from their property "without authority or permission."

14.     In Count I, Blowers seek damages for the restoration of their property and

the removal of the trees as well as treble damages as provided for under G.L. c.242, § 7.

15.     G.L. c.242, § 7 states that:

> Any person who without license willfully cuts down, carries away, girdles or otherwise destroys trees, timber, wood or underwood on the land of another shall be liable to the owner in tort for three times the amount of the damages assessed therefor; but if it is found that the defendant had good reason to believe that the land on which the trespass was committed was his own or that he was otherwise lawfully authorized to do the acts complained of, he shall be liable for single damages only.

16.     In support of their Trespass claim (Count II), Blowers allege at Paragraph

37 that:

> The Defendant entered upon the Plaintiffs' land without permission or authorization and removed earth, arborvitae, trees, shrubs and destroyed the natural earth berm that existed between the two properties.

17.     In support of their Nuisance claim (Count III), Blowers allege at Paragraph

40 that:

> The Defendant entered upon the Plaintiffs' land without permission or authorization and removed natural earth, arborvitae, trees, shrubs and destroyed the natural earth berm that existed between the two properties.

**--The Insurance That Nautilus Provided to Partington Builders**

18.     Nautilus provided commercial general liability insurance to Partington

Builders LLC from February 25, 2021 to February 25, 2022 pursuant to Policy No.

NN1206393 (hereinafter "the Nautilus Policy"):[1]

19.     The Nautilus Policy provided commercial general liability insurance

coverage pursuant to which Nautilus agreed to provide the following insurance coverage

to Partington Builders LLC:

> **SECTION I — COVERAGES**
>
> **COVERAGE A — BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> > (1)     The amount we will pay for damages is limited as described in Section III — Limits Of Insurance; and
> >
> > (2)     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

---

[1] A copy of the Nautilus Policy was attached as Exhibit A to Plaintiff's Complaint.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments — Coverages A and B.

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)    The "bodily injury" or "property damage" occurs during the policy period; and

(3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II — Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.    "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II — Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II — Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

11

(2)     Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3)     Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.     Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

20.     An "occurrence" is defined in the Nautilus Policy as "accident, including continuous or repeated exposure to the same generally harmful conditions."

21.     The Nautilus Policy contains various exclusions that limit the grant of coverage set forth in the foregoing Insuring Agreement.

22.     Exclusion (a) states that the policy did not apply to:

**a.     Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

23.     In addition to these standard forms and terms in the main body of the CGL policy form, there are various endorsements that limit or vary the scope of this coverage.

24.     The L217 Endorsement added an exclusion for Punitive or Exemplary Damages, which states that "[t]his insurance does not apply to punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or to deter others from engaging in a similar behavior."

25.     The L236 Endorsement added a "Total Exclusion—Subsidence or Movement of Soil, Land, Bedrock or Earth," which states that "[t]his insurance does not

apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments directly or indirectly arising out of, resulting from, contributed to, aggravated or concurrently caused by "subsidence or movement of soil, land, bedrock or earth", whether natural, manmade or otherwise."

### Count I
### (No "Occurrence")

26.     Plaintiff-in-Counterclaim Nautilus Insurance Company repeats and realleges its assertions in Paragraphs 1-25 of this Counterclaim as if fully restated and repeated herein.

27.     In their law suit, Douglas and Simone Blowers allege that Partington Builders removed trees from their property "without authority or permission" and otherwise "illegally and intentionally" caused damage to the Blowers property.

28.     Such claims do not seek recovery for any "occurrence" covered by the Nautilus Policies.

29.     Judgment should therefore enter for Nautilus as there is no "occurrence" so as to give rise to coverage the Nautilus Policy.

### COUNT II
### (Exclusion A:  Expected or Intended Injuries)

30.     Plaintiff-in-Counterclaims Nautilus Insurance Company repeats and realleges its assertions in Paragraphs 1-25 of this Counterclaim as if fully realleged herein.

31.     Exclusion A to the Nautilus Policies states that these policies do not cover bodily injury or property damage that was expected or intended from the standpoint of the insured.

32.     In their law suit against Douglas and Simone Blowers allege that Partington Builders removed trees from their property "without authority or permission" and otherwise "illegally and intentionally" caused damage to the Blowers property.

33.     Additionally, the Blowers seek trebled damages pursuant to G.L. c.242, § 7, which may only be awarded against "any person who without license willfully cuts down, carries away, girdles or otherwise destroys trees, timber, wood or underwood on the land of another…"

34.     Judgment should enter for Plaintiff-in-Counterclaim Nautilus therefore insofar as the injuries claimed by these Defendants-in-Counterclaim were the result of conduct that was expected or intended to cause injury.

## COUNT III
### (Punitive or Exemplary Damages)

35.     Plaintiff-in-Counterclaims Nautilus Insurance Company repeats and realleges its assertions in Paragraphs 1-25 of this Counterclaim as if fully realleged herein.

36.     In Count I of their Complaint, the Blowers seek trebled damages pursuant to G.L. c.242, § 7.

37.     The Nautilus Policy at issue in this case contains an exclusion for Punitive or Exemplary Damages, which states that "[t]his insurance does not apply to punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or to deter others from engaging in a similar behavior."

38.     In light of this endorsement exclusion, this court should declare that Nautilus has no duty to indemnify Partington Builders for any exemplary damages that may be awarded against it in the underlying action pursuant to G.L. c.242, § 7.

## COUNT IV
### (Subsidence or Earth Movement Exclusion)

39.     Plaintiff-in-Counterclaims Nautilus Insurance repeats and realleges its assertions in Paragraphs 1-25 of this Counterclaim as if fully realleged herein.

40.     In their law suit, the Blowers complain that Partington Builders should restore a wooded berm beneath these two parcels of property that protected their property but which was removed by Partington Builders.

41.     The Nautilus Policy contains a "Total Exclusion—Subsidence or Movement of Soil, Land, Bedrock or Earth" for "bodily injury", "property damage", "personal and advertising injury" or medical payments directly or indirectly arising out of, resulting from, contributed to, aggravated or concurrently caused by "subsidence or movement of soil, land, bedrock or earth", whether natural, manmade or otherwise.

42.     Judgment should enter for Plaintiff-in-Counterclaim Nautilus therefore insofar as the injuries claimed by these Defendants-in-Counterclaim are encompassed by this exclusion as involving the man-made movement of earth.

**WHEREFORE**, Nautilus Insurance Company, respectfully requests that this Honorable Court enter judgment declaring that it does not owe coverage to Partington Builders for the Underlying Claim brought against it by Douglas and Simone Blowers and for such other and further relief as this Honorable Court may deem just and proper.

Respectfully Submitted,
NAUTILUS INSURANCE COMPANY,

By its attorneys,
**MORRISON MAHONEY LLP**

*/s/Michael F. Aylward*
Michael F. Aylward, BBO# 024850
250 Summer  Street
Boston, MA 02210
Tel.:  (617) 439-7556
Fax.:  (617) 342-4913
*maylward@morrisonmahoney.com*

Dated:  January 19, 2022

## CERTIFICATE OF SERVICE

I, Michael F. Aylward, hereby certify that on January 19, 2022, I electronically filed the above-referenced document with the Clerk of the United States District Court for the District of Massachusetts by using the CM/ECF system.  I certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid, upon the attorney of record for each party.

*/s/  Michael F. Aylward*
Michael F. Aylward